Gaston, Judge.
 

 We are of opinion that there is no error in the judgment rendered below. There was an express promise on the part of the defendant to pay to the plaintiff four hundred dollars as a premium or bonus on
 
 *282
 
 the transfer to the defendant of the plaintiff’s contract for carrying the mail. The promise was in law made to the plaintiff, though required by the Post-office department as a condition precedent to the transfer of the plaintiff’s contract. The letter of the plaintiff of the i2th of March contains no waiver of the plaintiff’s right to this money. He was not
 
 personally
 
 present when the decision of the department was made, and when first apprized of it, insists on having a little time to go on to Washington, to see whether he can be permitted to retain the contract — but most distinctly states, that if the decision of the department is final, he will be ready to execute on his part whatever arrangements may be necessary in conformity to it. His letter of the 3rd of April, announces his return from Washington, and calls upon the defendant to execute the decision of the department. The subsequent letters between the parties plainly refer to the valuation of the horses, stages, &c., which the plaintiff had a right to insist should be taken by the defendant, and cannot be forced into a rejection or waiver of the claim to this sum of money.
 

 The plaintiff acquired a vested right to this money by virtue of this promise; and the department could not release the defendant from the obligation to comply with it. But we hold it clear that the department did not pretend to release the defendant. The letter of the 20th July declares the determination of the department not to exercise its powers over the subject-matter in controversy —not to interfere with the controversy, either in behalf of the plaintiff or of the defendant. The parties were left by the department to the exercise of their respective rights.
 

 Per Cukiam. Judgment affirmed.